IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| EDWARD WROTEN<br><br>v.<br><br>ASSOCIATES FOR WOMEN'S MEDICINE, et al. | CIVIL ACTION<br><br><br>NO. 15-2441 |
|---|---|

### MEMORANDUM RE DEFENDANTS' MOTION TO DISMISS

Baylson, J.                                                                                               September 9, 2015

      Defendants Associates for Women's Medicine, Professional Partners, and the Chester County Hospital move to dismiss (ECF 6) this wrongful termination action under Fed. R. Civ. P. 12(b)(1), contending that Plaintiff Edward Wroten has failed to state a claim for wrongful termination in violation of Pennsylvania public policy.  Plaintiff contends that the Pennsylvania public policy exception to the doctrine of at-will employment incorporates standards set forth in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936, and Defendants violated these HIPAA standards in terminating him.  Because there is no private right of action under HIPAA, Plaintiff's Complaint amounts to a wrongful termination claim under Pennsylvania law.  Removal to this Court was predicated on federal question jurisdiction, but Plaintiff's claim does not state a substantial federal question.  Accordingly, the Court will grant Defendants' Motion to Dismiss and remand the case because the Court lacks subject matter jurisdiction.

### I. Facts and Procedural History

      Plaintiff, who was employed cleaning Defendants' offices, alleges that Defendants wrongfully terminated him on May 31, 2013, for filing a grievance with his medical insurer.  See ECF 1, Pl.'s Compl. ¶¶ 3, 8, 12.  Plaintiff filed the grievance against Dr. Andrew Sitkoff, who

1

failed to recertify Plaintiff's prescription for testosterone.  Id. ¶ 6-8.  Plaintiff filed the grievance after trying to obtain his prescription from a different doctor and being advised by his insurer that he could only switch providers at that time if he filed a grievance against Dr. Sitkoff.  Id. Plaintiff filed the grievance on January 14, 2013.  Id. ¶ 9.

Thereafter, Plaintiff alleges that Dr. Christine Ellis, who was associated with Defendants' practice and is the wife Dr. Sitkoff, confronted Plaintiff about filing the grievance while Plaintiff was cleaning Defendants' offices and in the presence of Plaintiff's son.  Id. ¶ 10-11.  Plaintiff alleges his employment was subsequently terminated on May 31, 2013, and Defendants cited financial reasons as the pretext for terminating him.  Id. ¶¶ 12-13.  Plaintiff contends he was wrongfully terminated in violation of public policy—HIPAA—for filing the grievance against Dr. Sitkoff and is entitled to damages.  Id. ¶¶ 15-17.

Plaintiff filed his Complaint in the Chester County Court of Common Pleas.  On April 19, 2015, Defendants removed the action to this Court under 28 U.S.C. § 1441(a), contending this Court has federal question jurisdiction under 28 U.S.C. § 1331.  On May 7, 2015, Defendants moved to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim (ECF 6).  Plaintiff filed a response on May 20, 2015, contending he had pleaded sufficient facts to state a claim for wrongful termination (ECF 7).  Plaintiff did not raise lack of subject matter jurisdiction or challenge Defendants' removal to this Court.

## II. Analysis

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff.  Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Pennsylvania recognizes a limited public policy exception to the employment-at-will doctrine that in some cases qualifies an employer's ability to discharge any employee with or without cause. Shick v. Shirey, 716 A.2d 1231, 1233 (Pa. 1998). Plaintiff alleges Defendants wrongfully terminated him in violation of that public policy exception and that the public policy violated was HIPAA. Id. ¶ 16. But Plaintiff's response makes clear that he does not plead a direct violation of HIPAA. See ECF 7, Pl.'s Resp. Nor could Plaintiff make such a claim, because HIPAA does not provide a federal private right of action. See, e.g., Baum v. Keystone Mercy Health Plan, 826 F. Supp. 2d 718, 721 (E.D. Pa. 2011).[1] Instead, Plaintiff argues, in the alternative, that HIPAA is incorporated into Pennsylvania statutory law or that Defendants violated the Pennsylvania state law equivalent of HIPAA.

Removal of a state action to federal district court is proper only when the action could have originally been brought in federal court. 28 U.S.C. § 1441(a). In removing the case to federal court, Defendants asserted that this Court has federal question jurisdiction over the case under 28 U.S.C. § 1331 because of Plaintiff's allegations that Defendants violated HIPAA. See ECF 1, Notice of Removal.

Because federal courts are courts of limited jurisdiction, the Court must resolve any questions related to its subject matter jurisdiction as a threshold matter, whether or not the parties raised the issue. See Zambelli Fireworks Mfg. Co, Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010). A federal district court has original jurisdiction over an action "arising under the

---

[1] Although the Third Circuit has not yet held whether HIPAA provides a private right of action, other Circuits have held HIPAA does not. See Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010); Seaton v. Mayberg, 610 F.3d 530, 533 (9th Cir. 2010), cert. denied, 562 U.S. 1222 (2011); Wilkerson v. Shinseki, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); Acara v. Banks, 470 F.3d 569, 571-72 (5th Cir. 2006).

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Although a complaint clearly creates federal question jurisdiction when it pleads a federal cause of action, federal question jurisdiction is also present when "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Accordingly, in a "slim category" of cases, federal question jurisdiction still lies even where a claim has its origins under state, not federal, law. Gunn v. Minton, 133 S. Ct. 1059, 1064-65 (2013). Although the Supreme Court likened this category of cases to a Jackson Pollock painting, the Court discerned that the following four elements must be met for federal question jurisdiction to exist over a state law claim: the federal issue must be (1) necessarily raised; (2) actually disputed; (3) substantial; and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Id. at 1065.

Here, the allegations amount to a wrongful termination claim in violation of Pennsylvania public policy. The federal issue here is not necessarily raised, actually disputed, or substantial because adjudication of Plaintiff's claim does not require this Court to interpret or apply HIPAA. Rather, the key question presented by Plaintiff's claim is whether the Pennsylvania public policy exception to the at-will employment doctrine incorporates some or all of the standards set forth in HIPAA. That is a question of state law, not federal law. In similar cases involving allegations of HIPAA violations as part of state law tort claims, other courts have found that the alleged HIPAA violations provided no basis for federal jurisdiction. See Baum, 826 F. Supp. 2d at 721 ("In spite of the fact that the personal data at the heart of this case is protected by [HIPAA], this is a fairly straightforward state-law tort case."); see also Andrews v. Family Dollar Stores of

4

Okla., Inc., No. 11-0698, 2012 WL 242845, at *3 (N.D. Okla. Jan. 25, 2012) (collecting cases). Accordingly, Plaintiff's Complaint does not state a substantial federal question, and this Court lacks subject matter jurisdiction.

Because the Court lacks subject matter jurisdiction over Plaintiff's claim, the case will be remanded to the Chester County Court of Common Pleas. See 28 U.S.C. § 1447(c); Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995) (noting that § 1447(c) "compels a district court to address the question of jurisdiction, even if the parties do not raise the issue").

### III. Conclusion

The Court concludes that it lacks subject matter jurisdiction over Plaintiff's Complaint under 28 U.S.C. § 1331. Accordingly, the Court will grant Defendants' Motion to Dismiss and will remand the case to the Chester County Court of Common Pleas.

An appropriate Order follows.

O:\CIVIL 15\15-2441 wroten v. assoc.women's\15cv2441.memo.mtd.09.09.15.docx